IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMUEL YOUNG, | |
| Petitioner, | 4:22CV3177 |
| vs. | |
| ROB JEFFREYS, | MEMORANDUM AND ORDER |
| Respondent. | |

Before the Court are Petitioner's motion seeking reconsideration of this Court's prior order dismissing his Petition with prejudice (the "Motion for Reconsideration"), Filing No. 38, and what this Court construes as a supplement to the Motion for Reconsideration (the "Supplemental Motion"), Filing No. 39.  The Court construes Petitioner's Motion for Reconsideration and Supplemental Motion either as a motion to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment, filed pursuant to Rule 60(b).  See Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) (where moving party fails to indicate which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion).[1]

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).  A Rule 60(b) motion need not be filed within a specific timeframe, and instead "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  As Petitioner's Motion for Reconsideration was filed on

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 60(b), has a much broader scope, providing that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1),(6).

Petitioner's Petition was dismissed in conjunction with a motion for summary judgment filed by Respondent arguing the Petition was barred as untimely under 28 U.S.C. § 2244(d)(1). Filing No. 36. In opposition to the summary judgment motion Petitioner admitted his Petition was untimely but argued that his Petition was untimely due to his counsel's failure to file a direct appeal of his conviction and sentence (despite being instructed to do so), resulting in the passing of the statute of limitations to file his Petition and that he was entitled to proceed under the miscarriage of justice exception as he was actually innocent of the crimes for which he was convicted. Filing No. 18 at 2; Filing No. 34 at 2.

Ultimately Respondent's motion for summary judgment was granted, Petitioner's case was dismissed, and a judgment of dismissal was entered. Filing No. 36; Filing No. 37. Petitioner's Petition was dismissed as it was barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1) and as he failed to establish an exception to the limitations period under the doctrine of equitable tolling and/or the miscarriage of justice exception. Filing No. 36; Filing No. 37. In relation to the potential exceptions which allow a federal court to review an untimely petition, this Court found that equitable tolling was not

---

December 28, 2023, *see* Filing No. 38, fourteen days after the judgment of dismissal was entered, *see* Filing No. 37 (entered December 14, 2023), the Motion for Reconsideration is timely filed under either rule.

2

available to Petitioner as his counsel's failure to file a direct appeal was not an "exceptional" circumstance and as Petitioner provided no explanation as to why it took him almost six years to file his Petition or take any other action following his state court conviction and sentence. Filing No. 37 at 5–6. This Court also found that the miscarriage of justice exception did not apply as Petitioner's arguments fell short of the actual innocence standard, as they, at best, provided only that a potential avenue existed where perhaps Petitioner may have been found innocent. *Id.* at 7–8.

While Petitioner now seeks to set aside the judgment of dismissal and reopen his case, Petitioner supplies no argument in either his Motion for Reconsideration or Supplemental Motion relevant to Rule 59(e) or 60(b). Instead, the Motion for Reconsideration and Supplemental Motions contain what amount to emotional pleas to this Court to provide Petitioner counsel so that he may prove his innocence. Filing No. 38; Filing No. 39. Because Petitioner does not argue that he seeks to reopen his case to correct an error of law or fact or to present newly discovered evidence, if brought under Rule 59(e), his Motion for Reconsideration would fail. Rule 60(b), also offers no relief as Petitioner fails to argue that any "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or any other grounds would justify setting aside the judgment of dismissal. Fed. R. Civ. P. 60(b)(1)-(5).

Finally, even the catch all for "any other reason that justifies relief" of Rule 60(b)(6) provides no basis for setting aside the judgment. In his Motion for Reconsideration and Supplemental Motion Petitioner indicates that he is 75 years old, has only an 8th grade education, that he was never presented with any evidence that established he committed the crimes he was convicted of, and that he has not had "good" counsel at any time during

3

the criminal process. Filing No. 38 at 1; Filing No. 39 at 1. While this Court sympathizes with Petitioner's frustrations at having to navigate the legal process in his circumstances, Petitioner's Motion and Supplemental Motion add no new law or argument which could, in theory, provide a basis for this Court to reconsider its prior order.

For these reasons IT IS THEREFORE ORDERED: Petitioner's Motion for Reconsideration, Filing No. 38, and Supplemental Motion, Filing No. 39, are denied. This case remains closed.

Dated this 27th day of June, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge